IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.  3:02-cr-74 |
| | ) | |
| SONG CHA BURNS | ) | |
| a/k/a CHRISTINE BURNS | ) | |


## MEMORANDUM OPINION


This is an ancillary proceeding pursuant to Fed.R.Crim.P. 32.2(c) in which a third party, Tommy Meadows[1], has filed a *pro se* petition [Doc. 424] asserting an interest in the following real properties located in Clarksville, Tennessee, arising from a voluntary materialman's lien in the total amount of $22,190 that was perfected through filing with the Register's Office in Montgomery County, Tennessee, on March 28, 2005:


    (1)    214 Tiny Town Road ($2,300);

    (2)    220 Tiny Town Road ($1,000);

    (3)    1348 Fort Campbell Boulevard ($5,800);

---

[1]Mr. Meadows has advised the attorney for the government, F.M. Hamilton, III, that he is the fiancé of defendant Song Cha Burns, a/k/a Christine Burns [*see* Doc. 431, p.1].

(4)     1190 Woodbridge Drive ($5,495);  and

(5)     182 Kirby Drive ($7,595).

This matter is presently before the court on the government's motion to dismiss Mr. Meadows' petition [*see* Doc. 431].  The government filed its motion on August 31, 2005;  however, there has been no timely response to this motion by Mr. Meadows, *see* E.D.TN. LR 7.1(a), and therefore Mr. Meadows is deemed to have waived any response thereto.  E.D.TN. LR 7.2.[2]  For the reasons that follow, the government's motion will be granted only with respect to the real property located at 214 Tiny Town Road, at 1348 Fort Campbell Boulevard, and at 1190 Woodbridge Drive.

I.

On June 19, 2002, the grand jury returned the instant indictment alleging, among other things, that defendant Song Cha Burns, a/k/a Christine Burns (Burns), had engaged in a pattern of racketeering activity in violation of 18 U.S.C. § 1962 [*see* Doc. 2].  Consequently, the government sought the forfeiture of the following properties in Clarksville, Tennessee, pursuant to 18 U.S.C. § 1963:

(1)     214 Tiny Town Road;

---

[2]As will become apparent, the government's motion is based on matters of record and unambiguous case law;  thus, there is very little, if anything, which Mr. Meadows could offer that could alter the court's ruling in any significant manner.

(2) 1348 Fort Campbell Boulevard; and

(3) 1190 Woodbridge Drive.

[*see id.*, pp.66-70].  On July 24, 2002, the government filed a *lis pendens* in the Register's Office for Montgomery County, Tennessee, indicating that those three real properties (plus one other not at issue in this proceeding) were subject to forfeiture arising from the instant criminal action [*see* Doc. 431-2.  It must be emphasized that the real property located at 220 Tiny Town Road was not named in the indictment nor in the *lis pendens*.  Furthermore, the government admits that no real property located at 182 Kirby Drive has been forfeited in the above case.

The record also reflects that a judgment was imposed on April 12, 2005, which, among other things, forfeited Burns' interest in those same three real properties (plus the real property at 220 Tiny Town Road) located in Clarksville, Tennessee  [*see* Doc. 400, p.6].  Finally, the record reflects that the parties entered an agreed preliminary order of forfeiture [Doc. 399] on April 12, 2005, in which the defendant agreed, among other things, to forfeit her interest in those same three real properties (plus the real property at 220 Tiny Town Road).

3

II.

18 U.S.C. § 1963(l)(6)(A) requires that petitioners, like Mr. Meadows, who claim an interest in property subject to forfeiture, must establish by a preponderance of the evidence that their interest in the property is superior to the interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture. In the alternative, pursuant to 18 U.S.C. § 1963(l)(6)(B), petitioners must establish by a preponderance of the evidence that they are a *bona fide* purchaser for value and that at the time of purchase they were reasonably without cause to believe that the property was subject to forfeiture under this section.

Because this forfeiture proceeding implicates property rights which have traditionally been measured in terms of state law, and because 18 U.S.C. § 1963 contains no rule for determining the scope of property rights, the court must refer to state law to ascertain the respective rights of these parties. *See United States v. Harris*, 246 F.3d 566, 571 (6th Cir. 2001) (reaching the same conclusion in analyzing the criminal forfeiture provisions of 21 U.S.C. § 853) (citation omitted). In Tennessee, the law is well settled that one who acquires an interest in property, whether by purchase, lien or other encumbrance, after the filing of a *lis pendens* notice, takes that interest subject to the results of that pending litigation. *See W.&O. Const. Co. v. IVS Corp.*, 688 S.W.2d 67, 71 (Tenn. Ct. App. 1984) (holding that "an attaching creditor who records a notice of lis pendens has priority over a bona fide

4

conveyee whose deed is not recorded until after the registration of the lis pendens notice"); *cf. Moore-Handley, Inc. v. Associates Capital Corp.*, 576 S.W.2d 354, 355 (Tenn. Ct. App. 1978) (holding that the filing of a "furnisher's lien" in the register's office, even without the filing of a *lis pendens* notice, was sufficient to subordinate the interest of *bona fide* purchaser without actual knowledge of the furnisher's lien).

Here, the record reflects that any interest of Mr. Meadows was not recorded as a lien on the three real properties located at 214 Tiny Town Road, 1348 Fort Campbell Boulevard, and 1190 Woodbridge Drive until March 28, 2005, approximately 32 months after the government filed its *lis pendens* on July 24, 2002. Thus, when Mr. Meadows recorded his materialman's lien, he had notice that these three real properties were subject to forfeiture based on the government's previously recorded *lis pendens*. Mr. Meadows thus is not able to establish by a preponderance of the evidence that his interest in these three real properties is superior to the interest of the defendant. The court will therefore grant the government's motions to dismiss Mr. Meadows' petitions with respect to those three real properties.

As for the real property located at 220 Tiny Town Road, the government acknowledges that because this property was not named in the recorded *lis pendens*, then its *lis pendens* does not "trump" Mr. Meadows' claim. Accordingly,

5

the government has agreed to recognize Mr. Meadows' perfected materialman's lien on that property in the claimed amount of $1,000, which will be reflected in the final order of forfeiture.

Finally, the government maintains that Mr. Meadows' petition is moot with respect to the real property located at 182 Kirby Drive because no real property with that address has been forfeited in this case. The court agrees.

Order accordingly.

_____*s/ James H. Jarvis*_____
UNITED STATES DISTRICT JUDGE